Estate of Albert W. Mehner, a Minor.

---

IN RE ESTATE OF ALBERT W. MEHNER, A MINOR.

Where it is sought on exceptions to a guardian's account to charge him with an amount of money for which he gave a receipt to the administrator of the estate, the guardian may show the circumstances under which he gave the receipt, and that he did not in fact receive the sum therein stated.

If there is no evidence to show that the guardian received said sum or that it was lost by the failure and neglect of the guardian to collect it, he can not be charged therewith.

*Decided April 22, 1889.*

E. L. MEHNER, late guardian of Albert W. Mehner, filed an account to which exceptions are filed, and it is claimed that he failed to change himself with a large amount of money belonging to his ward.

From the testimony it appears that Louis Mehner, father of E. L. and A. W. Mehner, died intestate leaving a large estate, consisting of government bonds amounting to $114,750; cash $12,000; appraised value of store $3,000; making a total of personal property amounting to $139,750.

Louis Mehner left a widow and four children, all of the children being of age at the time of his death, except Albert W.   Christina Mehner, the widow, was appointed administratrix of the estate of Louis Mehner, and E. L. Mehner was appointed the guardian of the estate of his minor brother Albert W.

There being no debts of the estate of Louis Mehner, the widow and heirs desiring to close up the estate, entered into an agreement and understanding, whereby the heirs were to transfer and assign all their interest in the estate of Louis Mehner to their mother, and to execute receipts to her as administratrix, and thereby enable her to file her final account as administratrix.   Christina Mehner was then to execute a will and make such disposition of the property and estate, in accordance with a wish and request made by Louis Mehner in his life time.

In accordance with this understanding, the heirs then of age, did transfer and assign their interest to their mother, and executed a receipt for their distributive share to the administratrix, and the guardian of Albert W. Mehner, on behalf of his ward, also

signed a receipt for the distributive share of his ward, amounting to $20,995. And thereupon the administratrix filed her final account.

Afterwards Christina Mehner executed a power of attorney to E. L. Mehner, and constituted and appointed him her attorney in fact to manage and control her property. At the time of the transfer by the heirs, and the giving of the receipt by the guardian and by the heirs, all of the property of the estate was intact and in the possession of the administratrix. It subsequently passed into the hands of E. L. Mehner by virtue of this power of attorney. What then became of the money, is immaterial in our judgment, to the questions under consideration.

Albert W. Mehner became of age on the 28th day of May, 1882, and on the —— day of December, 1888, in accordance with, and in furtherance of the agreement entered into by the heirs and his guardian, executed and delivered to his mother a deed for his interest in the real estate left by his father.

It is now sought by Albert W. Mehner to charge the late guardian with the sum of $20.995, being the amount of the distributive share of A. W. Mehner in the personal property of his father's estate, and for which the guardian gave to the administratrix his receipt.

Estate of Albert W. Mehner, a Minor.

*Ferris & Swing*, for A. W. Mehner.
*Black & Rockhold*, for Louis Mehner.

GOEBEL, J.

1st. Where an administratrix obtains a receipt from the guardian for the distributive share of a minor in his father's estate, without the payment of the amount stipulated therein, and files the same in the Probate Court for the purpose of closing up said estate, such guardian will not be precluded on exceptions to his account, when it is sought to charge him with the amount for which he gave the receipt, from showing the circumstances under which such receipt was given, and that he in fact had not received such sum.

2nd. To charge such guardian and his sureties, it must appear that by the failure and neglect of the guardian to collect such sum, the same was lost to the minor.

3d. There being no evidence that the guardian received said sum, or that the same was lost to the minor by the failure and neglect of the guardian to collect the same, he can not be charged with such sum.